UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BENJAMIN RITCHIE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25cv433 DRL |
| LLOYD ARNOLD *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Benjamin Ritchie filed a complaint through counsel, since transferred here. He is incarcerated at the Indiana State Prison. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. His pleading states a plausible claim.

Mr. Ritchie alleges that his execution is set for early morning Tuesday, May 20, 2025. He says he has been a Christian since childhood. On April 17, 2025, Mr. Ritchie submitted a grievance to facility staff asking for "[his] spiritual advisor to be allowed in the execution chamber with [him] leading up to and during [his] execution" and that they "be allowed to pray and conduct all religious sacraments leading up to [his] execution." He reports that his sincere religious beliefs require him to confess his sins and to partake in communion "immediately preceding his death."

On April 24, 2025, a grievance specialist responded that "the same accommodation will be afforded to [Mr. Ritchie] as was afford[ed] in the previous execution." Mr. Ritchie

understood this response as only generally approving the presence of the spiritual advisor but failing to address his request to conduct religious sacraments and the spiritual advisor's presence in sufficient detail, including the timing, what items a spiritual advisor might bring, or the permissible degree of privacy or proximity to Mr. Ritchie. Mr. Ritchie attempted to appeal the grievance five times through administrative channels, but facility staff refused to accept his efforts.

Mr. Ritchie seeks a declaratory judgment that departmental policy and the refusal to accommodate his religious requests violates his rights under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA). He also seeks a preliminary and permanent injunction prohibiting his execution until the defendants can do so in a way that does not violate his religious rights, and he separately filed a preliminary injunction motion. The complaint states a plausible claim upon which relief can be granted, and he may proceed. *See Ramirez v. Collier*, 595 U.S. 411 (2022); *Dunn v. Smith*, 141 S. Ct. 725 (2021) (Kagan, J., concurring). Given the nearness of the execution date, the court will set an expedited briefing schedule on the preliminary injunction motion.

For these reasons, the court:

(1) GRANTS Benjamin Ritchie leave to proceed on all claims asserted in the complaint;

(2) ORDERS Lloyd Arnold and Ron Neal to file a response to the preliminary injunction motion by **Thursday, May 15, 2025, 9:00 p.m. Eastern Time**;

(3) ORDERS Benjamin Ritchie to file a reply in support of the preliminary injunction motion by **Friday, May 16, 2025, 1:00 p.m. Eastern Time**;

(4) ORDERS Lloyd Arnold and Ron Neal to respond to the complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b); and,

(5) DIRECTS the clerk to send a copy of this order electronically to Lloyd Arnold, Ron Neal, and Attorney Tyler G. Banks upon its entry.

SO ORDERED.

May 14, 2025                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court